FILED

MAY 1 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>VICTOR QUIÑONEZ,<br>    Defendant. | Criminal No. 05-238M-01 |

### DETENTION MEMORANDUM

The Defendant, Victor Quiñonez has been charged by indictment with conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 846, narcotics crimes carrying a penalty in excess of ten years. The government requested a detention hearing which was held on May 9, 2005. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, the government proffered that the Defendant was involved in a conspiracy to distribute large quantities of cocaine at 1216 Mt. Olivete Rd, N.W., Washington, D.C.

Officer Edward Hansonhn with the Metropolitan Police Department testified that on March 25, 2005 that the Defendant was contacted by a confidential informant and arranged for the sale of 62 grams of crack cocaine. At approximately 7:30 p.m. that evening, the Defendant arrived at 1216 Mt. Olivete Rd, and entered into the 'sting location' with a confidential informant and an undercover police officer. There, following negotiations, the Defendant was given $2,000.00 in exchange for the 62 grams of crack cocaine.

On April 27, 2005, the Defendant was again contacted by the confidential informant and arranged for the sale of cocaine. The Defendant arrived at 1216 Mt. Olivete Rd, had negotiations with the undercover police officer about the sale, and then informed the officer that he needed to go and get the cocaine. The Defendant's vehicle was stopped at the corner of 9th and T streets, N.E. Behind the radio of the vehicle, the police found 10 grams of powder cocaine.

## Discussion

A grand jury returned an indictment charging the Defendant with violations of the Controlled Substances Act. When, as here, probable cause exists to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community, he should not be released pending trial.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or

combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Defendant was an active participant in negotiations and the ultimate sale of a large amount of cocaine.

The second factor, the weight of the evidence, also favors detention. The police have video and audio recordings of the Defendant engaged in negotiations regarding the drug sales.

The third factor, the history and characteristics of the Defendant, favors detention. The Defendant has two prior convictions in New York City, one for the sale of drugs, and has no known ties with this community.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The current charges before this Court, the sale of cocaine, clearly demonstrate that he is a substantial danger to the community. The persistent

problem of drug trafficking reported on consistently by the news media bears graphic witness to the fact that narcotics distribution is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: May 10, 2005

ALAN KAY
UNITED STATES MAGISTRATE JUDGE