UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  05-179-02 (HHK) |
| | : | |
| v | : | |
| | : | |
| VICTOR QUINONEZ | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b).  The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in four-count indictment with Distribution of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Distribution of 50 grams or more of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), Distribution of 5 grams or more of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and Possession of Cocaine, in violation of 48 D.C. Code § 904.01(d).

During 2004, a joint ATF-HIDTA (Bureau of Alcohol, Tobacco, Firearms and Explosives - High Intensity Drug Trafficking Area) and Metropolitan Police Department ("MPD") Major Narcotics Branch Task Force established an undercover storefront that purportedly worked on cars in the xxxx xxxxx xx xxxxx xxxxxx xxxx, x.x. in Washington, D.C.  The task force rigged the office space behind the auto repair shop with audio and video equipment to capture illegal

1

narcotics transactions. The task force, with the assistance of various reliable confidential informants, arranged for various drug dealers from throughout the Washington Metropolitan area to come to the undercover shop to sell contraband.

On February 18, 2005, a confidential informant and an undercover officer met with defendant Quinonez at the undercover shop. Defendant Quinonez entered the office and retrieved from his left jacket pocket a blue napkin containing 70 grams of cocaine. In exchange for the 70 grams of cocaine, the undercover officer gave defendant Quinonez $1800 in MPD funds.

On March 25, 2005, a confidential informant reported that defendant Quinonez and his wife (co-defendant Santiago) wanted to sell 62 grams of crack cocaine. Quinonez and Santiago followed the informant to the undercover shop. Upon arriving, the informant walked over to the defendant's car. Santiago handed him a plastic bag containing approximately 62 grams of crack cocaine. Quinonez followed the informant into the undercover shop. An undercover officer gave defendant Quinonez $2000 in MPD funds in exchange for the crack cocaine.

On April 18, 2005, defendants Quinonez and Santiago arrived at the Burger King parking lot located at x$^{xx}$ xxxxxx xxx xxxxxxx xxxxxx, xx. Santiago entered the Burger King with the drugs on her person. Quinonez spoke with a confidential informant about the sale. Quinonez then entered the Burger King, where he retrieved the drugs from Santiago. Quinonez returned to the parking lot, where he gave the informant a clear plastic bag containing 31 grams of crack cocaine in exchange for $900 in MPD funds.

On April 27, 2005, an undercover officer met with defendant Quinonez at the undercover

shop. Santiago remained in the car. Quinonez told the undercover officer that he had 250 grams of cocaine with him and that he wanted $7500 for it. Quinonez left the building to retrieve the cocaine but was stopped by MPD detectives at x$^{xx}$ xxx x xxxxxx, xx. A search of the defendant's vehicle revealed 10 grams of cocaine behind the radio.

## OTHER CRIMES AND BAD ACTS EVIDENCE

The government seeks to introduce evidence of the facts and circumstances surrounding the defendant's previous drug related convictions and/or arrests. On June 1, 1999, the defendant was sentenced to 2-4 years for Sale of Controlled Substance in New York Superior Court case 5568-98.

Furthermore, on August 6, 1991, the defendant was sentenced to 18-54 months (parole revoked on June 24, 1999) for Attempted Robbery in New York Superior Court case 12304-90. At this time the government does not have any further information regarding these convictions, but will supplement this motion when the information becomes available.

The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake.

### Legal Analysis and Argument

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other

crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[1]

---

[1] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has

As the Court of Appeals noted in <u>Cassell</u>, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" <u>Id</u>. at 793 (citation omitted). In the instant case, among other things, the government must prove that the defendants constructively possessed the cocaine found under the hubcap and in the car, with the intent to distribute it. The "other crimes" evidence of defendants' previous possession of cocaine, with the intent to distribute it, his highly probative of the defendants' knowing and intentional possession of the cocaine in this case. It also shows that the defendants' possession of the cocaine was not the result of mistake or accident. As the Court of Appeals observed <u>en</u> <u>banc</u>, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." <u>Crowder</u>, 141 F.3d at 1209, n.5 (<u>en banc</u>).

Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. <u>See</u>, <u>e.g.</u>, <u>United States v. Burch</u>, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of

---

introduced sufficient evidence to meet Rule 104(b), the trial court <u>neither</u> weighs credibility <u>nor</u> makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." <u>Huddleston</u>, 485 U.S. t 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." <u>Id</u>. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. <u>Ibid</u>.

defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine);  Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)).  The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.  Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

    WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

---

Catherine K. Connelly
Assistant United States Attorney
Narcotics Section, Mass.  Bar No. 649430
555 4th Street, N.W.  #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Joseph Virgilio, this 15th day of June 2005.

                                              _____
                                              Catherine Connelly
                                              Assistant United States Attorney