UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-179 (HHK) |
| | : | |
| v | : | |
| | : | |
| VICTOR QUINONEZ and | : | |
| SANDRA SANTIAGO | : | |

**<u>GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS</u>**

  The process of jury selection is called voir dire, and its object is to select twelve jurors and two alternates who have no prior knowledge concerning this case and no bias toward either side in this case.  In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.  I will now ask you a series of questions.  Before each question, I will give you the number of the question.  If your answer to a question is yes, please write the number of the question down on the card which has been provided to you.  If you do not have an index card and pen, please raise your hand now.

1.  The government alleges that the charged offenses occurred on the following dates, times, and locations:

  a.  February 18, 2005, at approximately 7:30 p.m., at 1216 Mount Olivet Road, NE, Washington, DC;

  b.  March 25, 2005, at approximately 7:30 p.m., at 1216 Mount Olivet Road, NE, Washington, DC;

  c.  April 18, 2005, at approximately 5:50 p.m., at the corner of 3rd Street and Florida Avenue, NE, Washington, DC; and

    d.    April 27, 2005, at approximately 6:00 p.m., at 1216 Mount Olivet Road, NE, Washington, DC.

Based on this information, does any member of the jury panel believe that he or she knows anything about this case?

2. Do you have any particular familiarity with the locations of the alleged offenses, 1216 Mount Olivet Road, NE, Washington, DC, and the corner of 3rd Street and Florida Avenue, NE, Washington, DC.

3. The United States is represented by Assistant United States Attorney Catherine K. Connelly. Does any member of the panel know or know of Ms. Connelly?

4. Mr. Quinonez is represented by Elita Amato, and Ms. Santiago is represented by Anthony Martin. Does any member of the panel know or know of Ms. Amato and/or Mr. Martin?

5. Do any of you, your relatives or friends, know, or know of, Mr. Quinonez or Ms. Santiago?

6. During the presentation of evidence by the United States, you may hear testimony from or about the following persons: [List to be provided at trial]. Does any member of the panel know any of these prospective witnesses?

7. The defendants, Mr. Quinonez and Ms. Santiago, have no obligation to present any evidence or witnesses. However, if they and their counsel chose to call a witness or witnesses, you may hear testimony from or about the following persons: [List to be provided at trial]. Does any member of the panel know any of these prospective witnesses?

8. As I stated, I am Judge Kennedy. My courtroom clerk is Bob West and my law clerk is

_____.  The court reporter is _____.  Do you know me or any member of my staff?

9. Please take a moment to look around the room at your fellow panel members.  Do any of you know any other member of the jury panel?

10. Mr. Quinonez and Ms. Santiago are charged with Unlawful Distribution of Cocaine, Unlawful Distribution of 50 grams or more of Cocaine Base, Unlawful Distribution of 5 grams or more of Cocaine Base, and Possession of Cocaine.  Do you have such strong feelings about narcotics that the nature of these charges itself would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

11. One of the fundamental principles of our legal system is that when a person is brought to court charged with a crime, that person is presumed innocent unless and until the government presents evidence that convinces you of guilt beyond a reasonable doubt.  Would you have any difficulty in applying this principle of law?

12. Even though Mr. Quinonez and Ms. Santiago have been arrested in this case, they are presumed innocent unless the government proves guilt beyond a reasonable doubt.  Does the fact that the defendants have been arrested make it difficult for any of you to presume now that they are innocent?

13. There has been an indictment in this case.  An indictment is merely a formal way of presenting charges.  It is a way to inform Mr. Quinonez, Ms. Santiago, the Court and the members of the jury what the defendants are charged with.  It has no other purpose.  Is there anyone here who would presume Mr. Quinonez and Ms. Santiago are guilty merely because an indictment formally charged them with a crime?

14. The government has the burden of proving Mr. Quinonez and Ms. Santiago guilty.  This

burden of proof never shifts to the defendant. Would you have any difficulty in applying this principle of law?

15. If you are chosen to sit as a juror, at the end of this case the Court will instruct you as follows: "If you find that the government has proven beyond a reasonable doubt every element of the offenses with which the defendant is charged, you must find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty." Would you, for any reason, not be able to follow this instruction?

16. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle?

17. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law?

18. Some of the government witnesses in this case are police officers and federal agents. Do any of you believe that police officers and federal agents are more or less credible than other witnesses simply because they are police officers?

19. You may hear testimony from a witness who was financially compensated by the government in exchange for providing assistance with criminal investigations. Will the fact that a witness has such an arrangement with the government cause you to reject his or her testimony solely because of that arrangement?

20. Have you or any of your relatives or any close friends ever worked, in any capacity, for (or have an application pending to work for) any type of law enforcement agency, including: the Metropolitan Police Department, the Federal Bureau of Investigation, the United States Secret Service, the Internal Revenue Service, the United States Marshal Service, the United States Park Police, the Bureau of Immigration and Customs Enforcement and any other federal, state or local law enforcement agency?

21. Are any of you now or have you been active members or participants in any crime prevention organizations, such as the "Orange Hats"?

22. Has any member of the jury panel, or any of your immediate family members or close friends studied law or had any legal training?

23. Have you, your relatives, or close friends ever worked, in any capacity, for (or have an application pending to work for) a local, state, or federal prosecutor's office such as the D.C. Corporation Counsel, now known as the D.C. Office of the Attorney General, the United States Attorney's Office, or a state's attorney or commonwealth attorney?

24. Have you or any of your relatives or any close friends ever worked, in any capacity, with or for (or have an application pending to work for) a defense attorney or an investigator working for a defense attorney?

25. Do any of you, your close friends, or relatives have any job applications pending with the U.S. Attorney's Office, the Department of Justice, the Public Defenders Service, any defense attorney, or any law enforcement agency?

26. Have any of you formed special opinions concerning defense attorneys, prosecutors or accused persons that would affect you in deciding this case?

27. Have you, your relatives, or close friends ever worked for the court system as a clerk, probation officer, parole officer or in any other capacity?

28. Has any member of the jury panel ever served as a juror in a trial?

29. Has any member of the jury panel ever served as a grand juror?

30. Have any of you heard or seen anything in your previous jury service that would make it difficult for you to sit in this case?

31. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you, for any reason, not be able to accept and follow the Court's instruction about the law?

32. Has any member of the jury panel, or any of your relatives or close friends, been a witness to, a victim of, or arrested for and/or charged with a crime?

33. Is there any member of the jury panel who has any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during trial?

34. Are there any among you who has a hearing problem, uncorrected by a hearing device, or a problem with your eyesight, uncorrected by glasses, such that it would make it difficult for you to hear or see the evidence presented in this case?

35. Do any of you have an illness, or other medical condition which would make it difficult for you to sit as a juror?

36. Do any of you need to take any medication which might cause drowsiness or other wise make it difficult for you to remain alert and attentive during these proceedings?

37. The presentation of the evidence in this case is expected to take three days, after which

the jury will begin deliberations. Is there any member of the jury panel who has an urgent or extremely important matter to attend to such that he or she would be faced with a hardship if selected for the jury in this case?

38. If chosen as a juror, you should stand by your own opinion based on the evidence that comes in at trial and give Mr. Quinonez and Ms. Santiago the benefit of your individual judgement. Is there anyone who believes that they would be unable to do that?

39. It is neither Mr. Quinonez, nor Ms. Santiago's, nor their attorneys' responsibility to prove Mr. Quinonez and Ms. Santiago innocent. Because Mr. Quinonez and Ms. Santiago are presumed innocent, they need not testify, nor offer any evidence. Would you view the defendants and their attorneys' decision not to put on a defense as evidence of guilt?

40. Do any of you know of any reason whatsoever, not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
Catherine K. Connelly
Assistant United States Attorney
Major Crimes Section, Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon Elita Amato, attorney for defendant Quinonez, and Anthony Martin, attorney for defendant Santiago, this 31st day of October, 2005.

                                                 _____
                                               Catherine Connelly
                                               Assistant United States Attorney