UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-179 (HHK)** |
| | : | |
| v | : | |
| | : | |
| **VICTOR QUINONEZ** and | : | |
| **SANDRA SANTIAGO** | : | |

### GOVERNMENT'S NOTICE OF EXPERT TESTIMONY

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following notice of expert testimony:

**Fingerprint Expert**: The government may call a fingerprint expert to testify at trial. She may testify about the following subjects: the taking of fingerprints; how fingerprints are left; how fingerprints are lifted; the factors that affect the taking of fingerprints; the comparison of prints; and the identification of prints if there are sufficient "points" to render a print usable. Due to the volume of cases being presented in both Superior and District Court, it is unclear which witness will be available to testify if needed. The government will most likely call Diane Downing-Glover. She has numerous years of experience and her resume is attached to this Notice as Exhibit A. The government may call George L. Anderson, III, as an expert. His qualifications include: 33 years as a fingerprint examiner (25 years at the FBI and 8 years at the MPD); a degree in criminology from American University; one year of FBI fingerprint school; FBI fingerprint seminars; and hundreds of thousands of fingerprint analyses. The government may also call an experienced Mobile Crime Scene Technician as an expert, such as Officer Erik Branson, if the above are unavailable.

**Drug Expert**.  Please be advised that the Government intends to call Sergeant John Brennan, or a similarly qualified drug expert from the Metropolitan Police Department or other law enforcement agency, as a narcotics expert witness in the trial of this case.  Due to the volume of cases being presented in both Superior and District Court, it is unclear which witness will be available to testify if needed.  A copy of Sergeant Brennan's resume is attached to this notice as Exhibit B.

Sergeant Brennan may testify -- by providing information, explaining, or by rendering an opinion -- concerning the following:

(a)  the procedures used by the law enforcement agencies in the District of Columbia for handling narcotics evidence and for safeguarding the chain of custody and integrity of the evidence in narcotics cases.

(b)  the quantitative and qualitative analysis of the narcotics evidence by the DEA, the FBI, and the strength of the substance.

(c)  the methodology of narcotics investigations, including the use of undercover officers, confidential informers, cooperators, observation posts, surveillance, search warrants, and audio and video surveillance.

(d)  the methods of using and purchasing narcotics in the District of Columbia, including but not limited to:  the reasons for such methods; the cost (price) of narcotics, both wholesale and retail; the common dosage of, usable and measurable amounts, and strength of narcotics; packaging materials, cutting agents, scales, and paraphernalia for using drugs; the use of stashes, and methods used to avoid detection of narcotics.

(e)  the methods for importing, transporting, manufacturing, processing, packaging,

selling, transferring and trafficking narcotics in the District of Columbia, including but not limited to the roles of different participants in drug trafficking schemes.

(f) that beepers, pagers, cellular phones, automobiles, stashes, stash houses, safe houses, crack houses, open air drug markets, couriers, ledgers, safes, weapons, including firearms, and false identities are commonly used in the sale, transfer, processing and trafficking of narcotics in the District of Columbia and elsewhere.

(g) that drug traffickers keep records of transactions, inventories, debts, notes, and contact information by storing them in ledgers, books, computers, or other records.  It is also commonplace to memorialize images of money, guns, drugs, and other illegal articles in videos or photographs.

(h) that drug traffickers employ means of deception, including but not limited to: using coded language; using false identities; using counter-surveillance techniques; having property, licenses, or contract agreements for utilities, communications services, or leases titled or otherwise in the name of another; employing seemingly legitimate business enterprises to launder proceeds, transport or store illegal substances, demonstrate a legitimate source of income, or to provide proof of employment to others who work in the drug trafficking organization.

(i) that possession of narcotics for use can be distinguished from possession of narcotics with intent to distribute;

(j) that crack cocaine is a street term for a smokeable form of cocaine base and that crack can be identified and distinguished from other contraband.

Sergeant Brennan will base his opinion on the foregoing on their years of training and

experience in the area of drug investigations.

**DEA Chemist**.  The government anticipates calling the chemists who conducted the drug analyses in this case, absent a stipulation.  The chemists will testify as to the findings in their reports.  They will provide expert testimony that the drugs analyzed were in fact cocaine base and cocaine powder.  They will discuss the chemical process and the procedures followed to safeguard the samples as they come to them for analysis.  I will provide you with a copy of their resumes prior to trial.

Ms. Downing-Glover, Sergeant Brennan, and the DEA chemists are available to discuss their testimony with you at your convenience.  Please contact me at (202) 616-3384, and I will provide you with the necessary contact information.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

Catherine K. Connelly
Assistant United States Attorney
Narcotics Section, Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon Elita Amato, attorney for defendant Quinones, and Anthony Martin, attorney for defendant Santiago, this 31st day of October, 2005.

                                                                                       _____
                                                                                       Catherine Connelly
                                                                                       Assistant United States Attorney