UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| *v* * | Criminal Nº 05-179 (HHK) |
| **VICTOR QUINONEZ** * | |
| * | |

## MOTION TO COMPEL DISCLOSURE AND INFORMATION ABOUT INFORMANTS

*COMES NOW* the defendant, and asks that this court compel the prosecution to reveal the identities of the informants in this case, their whereabouts, and any benefits accorded to them.  In the leading case addressing this issue, *Roviaro v. United States*, 353 U.S. 53, 60 (1957), the Supreme Court of the United States held that the informant privilege enjoyed by the government is not an absolute one because it may be overridden by a sufficient showing of the need for disclosure. The court stressed the need for a flexible rule "that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. The court stated that whether disclosure is required "must depend upon the particular circumstances of each case, taken into consideration the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors," Id.

In the view of the Supreme Court's decision, the bottom line is that the informer's identity must be disclosed if it "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause " . . Id. at 60-61. We note that in applying the *Roviaro* standard reported cases frequently turn on the distinction between informants who are actual participants instead of being mere tipsters. *See, e.g., McLawhorn v. North*

*Carolina*, 484 F.2d 1,5 (4th Cir. 1973). **In this case, the informants or at least one was an active participant to the alleged crime**. As a result, it cannot be seriously argued that the disclosure of the informants' identities and locations are not absolutely necessary for the defense of this case. Accordingly, we ask this court to compel the prosecution to disclose the identities and locations of the informants.

In addition to disclosing the identities of any informants, the defense is entitled to know of the existence of **any benefits**, in whatever form, that may have been provided to any such individuals as a reward or inducement to them to provide information. Such information bears directly on the question of the credibility of these individuals and is absolutely essential to the defense in this case.[1]

Pursuant to Fed. R. Crim. P. 16, *United States v. Giglio,* 92 S.Ct. 763 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963) and *Napue v. Illinois*, 79 S.Ct. 1173 (1959), Mr.Quinonez respectfully requests the court to order the government disclose the following information:

(1) Any and all promises of payment written or oral made to such persons as part of this or any other case in which they have provided information;

(2) All promises of any other benefit written or oral made to such persons, including any plea offers;

(3) All promises of immunity, immigration agreements or promises, leniency, preferential treatment or other inducements made to such persons as part of this case or any other case in which they have provided information;

---

[1] Based on the government's filing of proposed voir dire, specifically question number 19, it is apparent that the government intends to call a witness to whom it gave benefits.

(4)  All writings or memoranda which contain any of the promises of remuneration, leniency, immunity, preferential treatment or other inducements made;

(5)  Any record of payments of local, state, or federal funds made to such persons;

(6)  All information regarding any such persons' prior testimony in this or any other proceeding in which they have acted as a witness and or informant;

(7)  All evidence of such person's psychiatric treatment, if any, and of any addiction or propensity to use or abuse controlled substances.  *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972);

(8)  A production of any internal police informant files on the informants pertaining to this case.

                    Respectfully submitted,

                    Elita C Amato (Bar N° 442797)
                    1211 Conn. Ave., N.W., Suite 400
                    Washington, D.C.  20036
                    202.223.3210
                    ATTORNEY FOR VICTOR QUINONEZ

## CERTIFICATE OF SERVICE

    **I CERTIFY** that on the 2**nd** day of November 2005, the foregoing was electronically filed and electronically served upon all the parties in this case.

                    _____
                    Elita C. Amato