UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA          *

                    *v*                  

                                                   Criminal N⁰ 05-179 (HHK)

VICTOR QUINONEZ                   *

                                  *


## MOTION TO SEVER DEFENDANTS

   *COMES NOW* Victor Quinonez, and moves this Honorable Court sever his trial

from that of the co-defendant pursuant to Federal Rules of Criminal Procedure 8(b) and

14.  Mr. Quinonez is joined with co-defendant Sandra Santiago.  Each defendant is

charged in the same offenses.  Mr. Quinonez faces a charge of Unlawful Distribution of

Cocaine, Unlawful Distribution of 50 Grams or More of Cocaine Base, Unlawful

Distribution of 5 Grams or More of Cocaine Base and Simple Possession of a Controlled

Substance.

   Joinder of defendants is permissible when it is alleged that defendants have

   …participated in the same act or transaction in the same series of acts or
   transactions constituting an offense or offenses.  Such defendants may be
   charged in one or more counts both together or separately and all of the
   defendants need not be charged in each count.


Federal Rule of Criminal Procedure 8 (b).  Rule 8(b) controls the joinder of offenses and

defendants where there are two or more defendants charged.

   Rule 14 provides

   …that if it appears that a defendant is prejudiced by a joinder of offenses
   or of defendants in an indictment or information or by such joinder for

trial together, the Court may order an election or separate trials, or provide whatever other relief justice requires.

Rule 14 Federal Rules of Criminal Procedure. The case law suggests that improper joinder may be harmless unless it results in actual prejudice. Here, Mr. Quinonez would suffer great harm if his case is not severed from that of his co-defendant. In *Rhone v. United States*, 365 F.2d 980 (D.C. Cir. 1966), the D.C. Circuit recognized that "[p]rejudice from joinder of defendants may arise in a wide variety of circumstances ..." 365 F.2d at 981.

## Inconsistent defenses

Notwithstanding the government's theory that Mr. Quinonez and Ms. Santiago were jointly involved in the offenses alleged in the indictment, Mr. Quinonez's defense is "mutually contradictory" to Ms. Santiago's defense. *United States v. Manner*, 887 F.2d 317, 324 (D.C. Cir. 1989), *cert. denied*, U.S., 110 S.Ct. 879 (1990); *United States v. Tarantino,* 846 F.2d 1384, 1399 (D.C. Cir. 1988); *United States v. Erlichman*, 546 F.2d 910, 929-30 (D.C. Cir. 1976), *cert. denied*, 429 U.S. 1120 (1977). Based upon undersigned counsel's discussions with Ms. Santiago's counsel, it is clear that the defendants have defenses which are "antagonistic" and "directly contradictory," *id*. at 326, and present a situation involving "more than '[t]he presence of some hostility.'" *Id. citing United States v. Wright*, 783 F.2d 1091, 1094 (D.C. Cir. 1986).

Their defenses are mutually antagonistic and will result in an unfair trial for each of them. Their defenses are "so contradictory as to raise an appreciable danger that the jury would convict because of the inconsistency." *United States v. Wright*, supra, 783 F.2d at 1095. Thus, under these circumstances there is a substantial possibility that the

jury will unjustifiably infer that this conflict alone demonstrates that both Mr. Quinonez

and Ms. Santiago are guilty.

However, the prejudice to Mr. Quinonez goes even further.  Counsel for Ms.

Santiago, Anthony Martin, Esq. advised undersigned that his client intends to take the

stand and testify on her own behalf.  Additionally, Mr. Martin alerted undersigned that he

for sees his client both denying any involvement in the instant offenses and pointing the

finger at Mr. Quinonez instead.  This will effectively render both the co-defendant and

her attorney as prosecutors against Mr. Quinonez.

Moreover, since the defenses are irreconcilable, counsel for Ms. Santiago will

have the duty to comment on Mr. Quinonez's failure to testify if he does not take the

stand.   The importance for Ms. Santiago to point out the silence of Mr. Quinonez will be

overwhelming to her.  In accordance with the "De Luna doctrine," a severance should be

granted to prevent the prejudice resulting from any comment by counsel on a co-

defendant's failure to testify at trial. *DeLuna v. United States*, 308 F.2d 140, 154-155 (5th

Cir. 1962); *United States v. Mitchell*, 397 F. Supp. 166, 178 (D.D.C. 1974) (*DeLuna* rule

is that when one defendant would have a duty to comment on failure of co-defendant to

take the stand because of a head-on conflict between defendants, severance should be

granted).

While adequate jury instructions in some instances may suffice to prevent

prejudice, in *Blumenthal v. United States*, 332 U.S. 539 (1947), the Supreme Court

cautioned that "[p]erhaps even at best the safeguards provided by clear rulings on

admissibility, limitations of the bearing of evidence as against particular individuals, and

adequate instructions, are insufficient to ward off the danger entirely." *Id* at 559-560.  In

those cases severance is required.  *United States v. Kelly*, 349 F.2d 720, 759 (2nd Cir.

1965).  Clearly, this is a case where jury instructions would do nothing to wipe out the

harm caused by the co-defendant's testimony and her attorney's arguments.  Severance is

the only manner in which to afford the defendant a fair trial and prevent undue prejudice.

Respectfully submitted,

Elita  C  Amato  (Bar  N$^{o}$  442797)
1211 Conn. Ave., N.W., Suite 400
Washington, D.C.  20036
202.223.3210
ATTORNEY FOR VICTOR
QUINONEZ

## CERTIFICATE OF SERVICE

**I CERTIFY** that on the **2nd** day of November 2005, the foregoing was

electronically filed and electronically served upon all the parties in this case.

_____
Elita C. Amato