UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-179-01 (HHK) |
| | : | |
| v | : | |
| | : | |
| VICTOR QUINONEZ | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEVER DEFENDANTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to defendant's Motion to Sever Defendants. In support of this motion the government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

### FACTUAL BACKGROUND

The defendant and his co-defendant, Sandra Santiago, have been charged in four count indictment with Distribution of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Distribution of 50 grams or more of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), Distribution of 5 grams or more of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and Possession of Cocaine, in violation of 48 D.C. Code § 904.01(d).

During 2004, a joint ATF-HIDTA and MPD Major Narcotics Branch Task Force established an undercover storefront that purportedly worked on cars in the 1200 block of Mount Olivet Road, N.E. in Washington, D.C. The task force rigged the office space behind the auto repair shop with audio/video equipment to capture illegal narcotics transactions. The task force, with the assistance of reliable confidential informants, arranged for various drug dealers from

1

throughout the Washington Metropolitan area to come to the undercover shop on Mount Olivet Road to sell contraband. On February 18, 2005, and March 25, 2005, the defendant and his co-defendant, Sandra Santiago, sold narcotics to an undercover officer at the storefront. On April 18, 2005, the defendants sold narcotics to confidential informants at another location in Washington, DC. And on April 27, 2005, cocaine was found in the defendants' car .

## ARGUMENT

Defendant Quinonez argues that his trial must be severed from that of defendant Santiago because joinder would be unfairly prejudicial. This argument must fail for the following reasons: 1) the case was properly joined, 2) the evidence against either defendant is not *de minimis*, and 3) the risk of prejudice from any potential "spill over" of evidence is not so high as to warrant severance of these trials.

Joint trials are highly favored, because they promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (citations omitted); United States v. Nicely, 922 F.2d 850, 855 (D.C. Cir. 1991). Under Rule 14(a) of the Federal Rules of Criminal Procedure, the trial judge has broad discretion to grant or deny severance. Zafiro, 506 U.S. at 541; United States v. Applewhite, 72 F.3d 140, 144 (D.C. Cir. 1996) (per curiam). In making a determination of whether to sever a defendant's trial, the trial court must balance the benefit of judicial economy against the potential prejudice to a defendant if the trials remained joined. Applewhite, 72 F.3d at 144.

Joinder of defendants is proper under Rule 8(b) of the Federal Rules of Criminal Procedure if the indictment alleges that the multiple defendants "have participated in the same

act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." In this case, the conduct engaged in by each defendant amounts to the "same act or transaction, or the same series of acts or transactions, constituting an offense or offenses." The government expects the evidence to show that both defendants were involved in the sale of narcotics on three separate occasions.

This Circuit construes Rule 8(b) broadly in favor of joinder. United States v. Gibbs, 904 F.2d 52, 56 (D.C. Cir. 1990) ("[T]his court . . . has repeatedly declared that joint trials may be preferred, given the heavy and increasing criminal case load in our trial courts."); United States v. Perry, 731 F.2d at 991; United States v. Jackson, 562 F.2d 789, 796-97 (D.C. Cir. 1977); United States v. Hines, 455 F.2d 1317, 1334 (D.C. Cir. 1971), cert. denied, 406 U.S. 975 (1972). In short, "a substantial public interest supports joint trial." United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir.), cert. denied, 404 U.S. 958 (1971). Jackson, 562 F.2d at 796-97; Hines, 455 F.2d at 1334.

This Court has wide discretion in determining questions of severance. United States v. Butler, 822 F.2d 1191, 1196 (D.C. Cir. 1987). One of the main factors a court should consider in making its severance determination is the furtherance of the judicial system's strong and legitimate interest in efficient and expeditious proceedings. United States v. Long, 905 F.2d 1572 (D.C. Cir. 1990). Joinder of counts and defendants is designed to promote judicial economy and efficiency by avoiding multiple trials, where that can be accomplished without substantial prejudice to the rights of the defendants to a fair trial. Bruton v. United States, 391 U.S. 123, 131 n.6 (1968). Factors that the court should consider include: (1) the presentation of the same evidence; (2) testimony from the same witnesses; and (3) the same illegal acts. United

States v. Manner, 997 F.2d 317 (D.C. Cir. 1989), cert. denied, 493 U.S. 1062 (1990); United States v. Tarantino, 946 F.2d 1384 (D.C. Cir. 1988).

Fed. R. Crim. P. 14. countenances some prejudice to a defendant from a joint trial, and severance is not required simply because a defendant might have a better chance of acquittal if tried separately. United States v. Halliman, 923 F.2d 873, 884 (D.C. Cir. 1991) (citing United States v. Manner, 887 F.2d 317, 324 (D.C. Cir. 1989), cert. denied, 493 U.S. 1062 (1990)); see also United States v. Wright, 783 F.2d 10991, 1095 (D.C. Cir. 1986); United States v. Hopkins, 464 F.2d 816, 819 (D.C. Cir. 1972); United States v. Wilson, 434 F.2d 494, 501 (D.C . Cir. 1970). In making a determination on severance, the Court must balance the risk of prejudice to the defendant against the interest in judicial economy. Butler, 822 F.2d at 1194. The Court of Appeals has struck a balance in favor of joint trials. United States v. Leonard, 494 F.2d 955, 965 (D.C. Cir. 1974). To warrant severance, the risk of prejudice must be compelling. United States v. Cross, 928 F.2d 1030 (11th Cir. 1991).

The test for determining "compelling prejudice" is the jury's ability to follow the trial court's instruction and to consider separately the evidence relating to each defendant. Cross, 928 F.2d 1030; see also United States v. Leavitt, 878 F.2d 1329 (11th Cir. 1989). The facts of the case now before the Court are straightforward. This indictment stems from four specific incidents, and the government expects to present evidence about the particular role each defendant played in each incident. As such, there is no reason to believe that a jury will be unable to follow the Court's instruction regarding considering each defendant's culpability separately.

The factors supporting joinder are in abundance in the cases of these co-defendants. The

4

defendants were together during each sale. Any trial regarding these charges necessarily will involve (1) the presentation of the same evidence; (2) testimony from the same witnesses; and (3) the same illegal acts. To try these defendants separately would involve a waste of judicial resources and run counter to the aforementioned interest of the judicial system in efficient and expeditious proceedings. The evidence against each defendant overlaps substantially with evidence to be presented against the other defendant. A number of officers of the Metropolitan Police Department will testify against both defendants. Severance would require the government to present the same witnesses and the same evidence at separate trials. Such a result is undesirable. See United States v. Erfrasio, 935 F.2d 553, 570-71 (3d Cir. 1991). In addition, the burden upon those testifying would not be "slight," as all have other obligations in addition to making court appearances.

      Accordingly, the government respectfully requests that the defendant's motion to sever be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____

Catherine K. Connelly
Assistant United States Attorney
Major Crimes Section, Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon Elita Amato, attorney for defendant Quinonez, this 4th day of November, 2005.

_____
Catherine Connelly
Assistant United States Attorney