**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  05-179 (HHK) |
| | : | |
| v | : | |
| | : | |
| VICTOR QUINONEZ and | : | |
| SANDRA SANTIAGO | | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**
**DISCLOSURE AND INFORMATION ABOUT INFORMANTS**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, hereby submits this opposition to defendant Victor Quinonez's Motion

to Compel Disclosure and Information About Informants, and defendant Sandra Santiago's

requests for the same information.[1]  In support of this motion the government relies upon the

points and authorities set out in this memorandum and at any hearing on this matter.

**BACKGROUND**

The defendants have been charged in a four count indictment with Distribution of

Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Distribution of 50 grams or more

of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); Distribution of 5 grams or

more of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii);  and Possession

of Cocaine, in violation of 48 D.C. Code § 904.01(d).  Trial in this matter is scheduled for

November 14, 2005.

          During 2004, a joint ATF-HIDTA and MPD Major Narcotics Branch Task Force

---

[1]  Defendant Santiago has not filed a Motion to Compel.  However, defense counsel for
Santiago has requested this information via a letter dated September 6, 2005, and by telephonic
requests.  As such, the government is treating this opposition as a response to requests by both
defendants.

established an undercover store front that purportedly worked on cars in the 1200 block of Mount

Olivet Road, N.E., in Washington, D.C.  The task force rigged the office space behind the auto

repair shop with audio/video tape equipment to capture illegal narcotics transactions.  The task

force, with the assistance of reliable confidential informants, arranged for various drug dealers

from the Washington Metropolitan area to come to the undercover shop on Mount Olivet Road to

sell contraband.  The defendants sold narcotics to an undercover officer at the shop on two

separate occasions.  On another occasion they sold narcotics to confidential informants at another

location.

**ARGUMENT**

The defendants contend that they are entitled to the know the identity of the confidential

informants (referred to as "CIs"), and to have access to the internal police informant files.

Specifically, the defendants contend that they should be entitled to the disclosure of the identity

of the CIs because the identities are "relevant and helpful to the defense of the accused, or [are]

essential to a fair determination of a cause."  (Def. Mot. to Compel at 1).  Defendant Quinonez

cites United States v. Roviaro, 353 U.S. 53 (1957), and McLawhorn v. North Carolina, 484 F.2d

1 (4th Cir. 1997), in support of his arguments.  In each of the cases cited by Quinonez,  the CI did

not testify.  Initially, the government would note that in the instant case, the CIs were participants

in each of the drug purchases in the indictment.  Also, the CIs are expected to testify at trial.

The Supreme Court has refused to adopt an inflexible rule that the identity of an informer

or cooperating witness must be disclosed whenever the testimony may be relevant and helpful to

the accused.  United States v. Roviaro, 353 U.S. 53, 62 (1957).  The government enjoys a

qualified though "time-honored privilege to withhold the identity of its informants from criminal

defendants." United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989). The court must balance the public's interest in law enforcement and protecting the informant's identity against the defendant's right to prepare a defense. United States v. Jefferson, 593 F. Supp. 85, 89 (D.D.C. 1984). "It is the defendant's heavy burden . . . to establish that the identity of an informant is necessary to the defense." United States v. Edelin, 128 F. Supp. 2d 23, 34 (D.D.C. 2001). Indeed, there is legal authority for the proposition that where the government intends to present a confidential informant as a witness at trial who was a "participant" in the charged offenses within the meaning of Roviaro, pre-trial disclosure is not required. United States v. Foster, 815 F.2d 1200, 1202-03 (8th Cir. 1987).

The defense has not proffered any reason, let alone met its "heavy burden," to establish that the identity of the CIs (who, upon information and belief, continue to work in that sensitive role) is necessary to the defense. In any event, the government intends to disclose information about payments, promises, immunity, leniency, preferential treatment, benefits, or other inducements made to the confidential informants as part of this case. The government will provide this information to defense counsel by Friday, November 11, 2005. As such, the defense will have ample opportunity to investigate bias and motives to fabricate and to cast doubt upon the credibility of the CIs through cross-examination when the CIs testify.

Defendants also request production of any "internal police informant files on the informants pertaining to this case." The defense does not cite any authority in support of this request. While the government will disclose any Brady information that exists in the files, the government is simply under no obligation to turn over the entirety of those sensitive files to the defense.

3

WHEREFORE, the government respectfully requests that the Court deny defendant's

Motion to Compel Disclosure and Information About Informants for the reasons stated above and

for any other reasons that appear to the Court at a hearing on these motions.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____

Catherine K. Connelly
Assistant United States Attorney
Major Crimes Section, Mass.  Bar No. 649430
555 4th Street, N.W., Room 4844
Washington, DC 20530
Phone: 616-3384
Fax: 353-9414

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon Elita Amato,
Esq., attorney for defendant Quinonez, and Anthony Martin, Esq., attorney for defendant Santiago,
this 4th day of November, 2005.

_____

Catherine K. Connelly
Assistant United States Attorney