UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| v. ) | **Criminal No.** 05-179 (HHK) |
| ) | |
| **Victor Quinonez** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### OPPOSITON TO GOVERNMENT'S NOTICE OF INTENT
### TO INTRODUCE 404

**COMES NOW** Victor Quinonez, the defendant, through undersigned counsel and moves this Honorable Court for an order prohibiting the government from introducing evidence of his prior convictions for any purpose at trial.

### BACKGROUND

The government filed a notice of its intention to introduce what it characterizes as prior bad acts of the defendant, namely the facts and circumstances of his prior conviction in 1999 for sale of controlled substance and his 1991 conviction for attempted robbery. Both convictions were in New York.

To date, the government has not turned over any police reports, or other documents, the names of witnesses nor made available any of the evidence relative to those prior convictions. To properly cross examine government witnesses relative to such acts, the defendant must not only be on notice of the prior convictions but be provided police reports and other information. Rule 404(b). The government should be precluded from putting on any such evidence at this time for not providing discovery relative to these prior convictions.

Mr. Quinonez's prior convictions are irrelevant to the government's case and thus inadmissible pursuant to Rule 401. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fed.R.Evid.401*. "Evidence which is not relevant is not admissible." *Fed.R.Evid. 402*.

Mr. Quinonez's prior conviction for Sale of Controlled Substance should not be admitted as it is not relevant and highly prejudicial. Rule 404 prohibits the admission of evidence regarding "crimes, wrongs, or acts," other than those charged, for the sole purpose of impugning the character of the accused. *Fed.R.Evid. 404(b), see also*, *United States v. Bowie*, 232 F.3d 923, 927, 930 (D.C. Cir. 2000). Such evidence may be admissible under Rule 404(b), however, to "pro[ve]… motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Fed.R.Evid. 404(b); see also United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997); *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996). But evidence will not be admitted if its prejudicial impact outweighs its probative value. Rule 403.

Even if the Court were to find that the convictions were relevant to this case, Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Fed.R. Evid. 403*

Here, the defendant would suffer an inordinate amount of unfair prejudice if the convictions are admitted. As the government has provided no tie between these acts and the charges in this case, the evidence of the prior acts would serve an inappropriate character evidence. The information would purely serve the purpose of having a jury believe that as he was involved in other drug acts then he must be involved in the pending drug charges.

> "The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggest some probability that defendant committed the similar offense for which he is charged. The generally accepted view, therefore, is that evidence …. be admitted sparingly if at all."

*United States v. Beahm*, 664 F.2d 414, 418-419, cert. denied 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed 2d. 287 (4th Cir. 1981) (in addressing the admissibility of prior convictions pursuant to Rule 609).

Respectfully submitted,

_____
Elita C. Amato
1211 Conn. Ave., N.W., Suite 400
Washington, D.C. 20036
202.223.3210

**Counsel for Victor Quinonez**

3